THE STATE OF OHIO, APPELLEE, *v.* ALMALIK, APPELLANT.

(No. 50269 — Decided April 21, 1986.)

*John T. Corrigan,* prosecuting attorney, and *John K. Moroney,* for appellee.

*Hyman Friedman,* county public defender, and *Patricia Walsh,* for appellant.

PARRINO, C.J.  Al-Sharif Almalik appeals from his conviction in the common pleas court for carrying a concealed weapon in violation of R.C. 2923.12. For the reasons adduced below, the judgment is reversed.

I

On November 8, 1984, two Cleveland police officers observed a white 1983 Buick going east on Euclid Avenue. The car proceeded past East 77 Street, stopped, then backed up through the intersection of East 77 and Euclid, coming to a stop in front of a bar at 7600 Euclid Avenue. A passenger exited the car and the driver, later identified as appellant, proceeded east on Euclid. The officers stopped the vehicle and, as they pulled up from behind, observed the driver move around in the vehicle, bend over, and momentarily disappear from view.

Fearing for their own safety, the police officers approached the vehicle with their weapons drawn. Officer Richissin approached the driver's side of the vehicle and asked appellant to place his hands on the steering wheel. Richissin then opened the car door and ordered appellant to step out and place his hands on the rear quarter panel of the vehicle. The officer conducted a pat-down search and discovered no weapons. He then backed away from appellant to a point parallel to the open car door. Richissin looked into the vehicle and observed the

butt of a gun protruding from under the front seat on the driver's side of the vehicle.

Officer Barrett had approached the vehicle from the passenger side. When his partner asked appellant to step out, Barrett went to the passenger door and entered the car. At the time that his partner saw the gun, Barrett reached beneath the seat and felt the gun. The weapon was confiscated, the officers determined that it was loaded, and appellant was placed under arrest.

Appellant was indicted on December 20, 1984 for carrying a concealed weapon, a loaded gun, in violation of R.C. 2923.12. A motion to suppress oral statements was filed on March 3, 1985 and a motion to suppress evidence was filed on March 11, 1985.

Prior to trial on March 18, 1985, a hearing was held on the motions to suppress. The only witnesses were Officers Barrett and Richissin. The court overruled both motions. Appellant requested that the court state its findings for the record pursuant to Crim. R. 12(E). The court did not do so, and the case proceeded to trial. On March 19, 1985, the jury returned a verdict of guilty. Appellant was sentenced on March 20, 1985 to a definite sentence of two years. A timely notice of appeal was filed on May 8, 1985. Appellant raises three assignments of error.

## II

Assignment of error number one:

"The trial court erred by failing to state its essential factual findings on the record when it overruled appellant's motion to suppress evidence."

Appellant alleges that the state offered more than one theory to justify the search of the automobile, each of which has certain factual prerequisites. Appellant claims as error the court's failure to

state its factual findings and, further, its failure to identify the theory upon which it relied.

Crim. R. 12(E) states:

"Ruling on motion. A motion made before trial other than a motion for change of venue, shall be timely determined before trial. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

A recent decision of the Ohio Supreme Court has made it clear that when requested to do so, a trial court must state its essential findings of fact on the record. *Bryan* v. *Knapp* (1986), 21 Ohio St. 3d 64, 21 OBR 363, 488 N.E. 2d 142. While *Bryan* involved a ruling on a motion to discharge, we feel that its rationale is equally applicable to a motion to suppress evidence.

Knapp was cited by the Bryan Police Department for two misdemeanor traffic offenses. Prior to trial, Knapp filed a motion for discharge pursuant to the speedy trial provision of R.C. 2945.71. The trial court overruled the motion even though one hundred seventy-three days had elapsed between the service of summons and trial. When Knapp requested the court to state its specific findings of fact on the record, the court refused. The court found Knapp guilty on both counts. The appellate court affirmed the conviction.

The Supreme Court found that factual issues were involved in ruling on the appellant's motion. Likewise, issues of fact are presented in the instant case. As in *Bryan*, without the trial court's factual findings this court cannot "properly review the propriety of the trial court's ruling." *Id.* at 65, 21 OBR at 364, 488 N.E. 2d at 143. Accordingly, we are unable to reach the merits of appellant's second and third assignments of error.[1]

The judgment of the trial court is

---

[1] Appellant's second and third assignments of error are:

"II. The trial court erred by overruling appellant's motion to suppress evidence and

reversed. This cause is remanded to the trial court for the purpose of stating its essential findings of fact in the record, and for further proceedings according to law.

*Judgment accordingly.*

JACKSON and PRYATEL, JJ., concur.

———

thereby deprived appellant of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sec. 14 of the Ohio Constitution.

"III. Appellant was convicted of carrying a concealed weapon in violation of Ohio Revised Code Sec. 2923.12 with evidence insufficient as a matter of law in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sec. 10 of the Ohio Constitution."