THE STATE OF OHIO, APPELLEE, *v.* ALMALIK, APPELLANT.

(No. 52174—Decided
July 20, 1987.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Hyman Friedman,* county public defender, and *Patricia Walsh,* for appellant.

PATTON, J. Al-Sharif Almalik appeals his conviction for carrying a concealed weapon by the Cuyahoga County Court of Common Pleas and the court's denial of his motion to suppress evidence. The facts giving rise to this appeal are as follows:

On December 20, 1984, appellant, Al-Sharif Almalik, was indicted by the Cuyahoga County Grand Jury for one count of carrying a concealed weapon in violation of R.C. 2923.12. At his arraignment on February 11, 1985, the appellant pled not guilty. A motion to suppress statements was filed on March 1, 1985, and a motion to suppress evidence was filed on March 11, 1985.

A hearing was held on appellant's motions to suppress on March 18, 1985. After the court overruled his motions, the appellant requested that the court state for the record what the court's findings were. The court did not state the findings as requested, and the case proceeded to trial. On March 19, 1985, the jury returned a verdict of guilty. Appellant timely appealed from this judgment and raised three assignments of error. On April 21, 1986, this court found appellant's first assignment of error[1] well-taken[2] and remanded appellant's case to the trial court for essential findings of fact in the record as required by Crim. R. 12(E). Therefore, this court did not address appellant's second and third assignments of error because, without the trial court's findings, this court could not properly review the trial court's ruling.

The trial court filed findings of fact and conclusions of law on May 13, 1986. Appellant filed a timely notice of appeal on June 12, 1986. The following evidence was adduced at the motion to suppress hearing:

On November 8, 1984, two Cleveland police officers observed a white 1983 Buick driving east on Euclid Avenue past the intersection of East 77th Street. The vehicle stopped, then backed up through the intersection at a high rate of speed, coming to a stop in front of a bar on Euclid Avenue between East 76th and East 77th Streets. A passenger exited the car, and the driver, later identified as the appellant, proceeded east on Euclid. As the appellant was observed violating a traffic ordinance, the officers stopped the vehicle by activating their overhead lights and the siren. As they pulled up from behind, they observed the driver move around in the vehicle and bend over. At that time, because of the driver's furtive gestures, the officers became concerned for their safety.

Officer Michael Barrett testified that the area was a high crime area known for prostitution and drug activity. He stated that, for their safety and protection, his partner, Officer Timothy Richissin, had the appellant exit the car while he remained at the rear of appellant's vehicle. Once the appellant exited the vehicle and placed his hands on the rear quarter panel of the vehicle, Officer Barrett entered the vehicle through the passenger door and located a loaded Smith & Wesson .38 gun underneath the driver's seat. Six bullets were chambered in the gun.

On direct examination, Officer Barrett stated that the weapon was immediately accessible to the driver. "The butt of the pistol was sticking out, so it could have been viewed from the exterior windows." In reply to a

---

[1] Appellant's first assignment of error on his previous appeal states as follows: "The Trial Court Erred by Failing to State Its Essential Factual Findings on the Record When it Overruled Appellant's Motion to Suppress Evidence."

[2] See *State* v. *Almalik* (1986), 31 Ohio App. 3d 33, 31 OBR 48, 507 N.E. 2d 1168.

question propounded to him, Officer Barrett answered that the gun was in plain view to anyone looking in the car window.

Officer Richissin testified that after appellant's vehicle had been stopped, he approached the vehicle from behind. Officer Richissin had the appellant place his hands on the steering wheel. He opened the driver's side door and asked the appellant to exit the vehicle. Officer Richissin then had the appellant place his hands on the rear quarter panel of the car. He testified that he was concerned for his personal safety because of the appellant's gestures and the officers' presence in a high crime area.

While standing in the open driver's side door, Officer Richissin looked down and observed the butt of a handgun in plain view sticking out from underneath the driver's seat. Officer Barrett was at that time approaching the passenger side of the vehicle and picking up the weapon.

After hearing the officers' testimony, the court overruled appellant's motion to suppress evidence.

At trial, Officers Barrett's and Richissin's testimony was similar to the earlier testimony at the motion to suppress hearing. Officer Barrett testified that he could not see the weapon. He sat on the edge of the passenger seat, felt under both seats, and discovered the gun under the driver's seat. On cross-examination, defense counsel challenged Officer Barrett's testimony at the suppression hearing. At the hearing, Officer Barrett had stated that the gun was in plain view and could be seen from the exterior window of the car. On redirect examination, Officer Barrett testified that the gun may not have been in his plain view, but could be in the plain view of another officer.

Officer Richissin testified at trial that only the butt of the gun was plain-

ly visible. He reported that the remainder of the gun was concealed by the seat.

At trial, Carolyn Stowers Tyson testified on behalf of the appellant. She stated that the appellant is her boyfriend and that he was driving her car at the time in question. Ms. Tyson claimed ownership of the gun and reported that she had placed the gun under the seat. She asserted that the appellant was not knowledgeable about the gun's existence.

From this evidence, the jury returned a verdict of guilty of carrying a concealed weapon. On this appeal, appellant does not challenge the court's findings of fact and conclusions of law, but rather raises the following two assignments of error:

"I. The trial court erred by overruling appellant's motion to suppress evidence and thereby deprived appellant of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I Sec. 14 of the Ohio Constitution.

"II. Appellant was convicted of carrying a concealed weapon in violation of Ohio Revised Code Sec. 2923.12 with evidence insufficient as a matter of law in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I Sec. 10 of the Ohio Constitution."

I

In his first assignment of error, appellant contends that the state failed to meet its burden of demonstrating that the circumstances in the instant case justified a warrantless search. Appellant claims in his second assignment of error that there was insufficient evidence to uphold his conviction for carrying a concealed weapon. These contentions lack merit.

In the instant case, the war-

rantless search and seizure at issue were constitutionally permissible within the ambit of the Fourth Amendment prohibition against unreasonable searches and seizures. The police had authority to stop the appellant's car in order to issue a traffic citation after they observed him illegally backing through an intersection. The appellant, in his brief, even admits that he committed a minor traffic violation. Both officers testified that when they observed this violation, they were on patrol in a high crime area.

After observing appellant violating a local traffic ordinance, the officers followed the appellant's car and stopped it after activating their siren and overhead lights. While the appellant's vehicle was stopping, the officers noticed the appellant bending down and moving around. Officer Barrett testified that these movements were suspicious and, for the officers' protection, Officer Richissin had the appellant exit the vehicle. In addition, Officer Barrett covered the rear of the automobile while Officer Richissin had the appellant exit the car.

Officer Richissin's instructions to the appellant when he approached the car further indicate his caution. He had the appellant place his hands on the driver's wheel while he, Richissin, opened the car door. Once the appellant exited the car, Officer Richissin had the appellant place his hands on the rear quarter panel of the car. Officer Richissin backed away from the appellant to a point parallel to the open car door. Meanwhile, Officer Barrett entered the car and reached beneath the front seat and felt the gun. Richissin looked into the vehicle and observed the butt of a gun protruding from under the front seat on the driver's side of the vehicle. From this testimony, the state met its burden of demonstrating that the gun was confiscated pursuant to a valid warrantless search. Cf. *Michigan* v. *Long* (1983), 463 U.S. 1032; *Texas* v. *Brown* (1983), 460 U.S. 730; *State* v. *Smith* (1978), 56 Ohio St. 2d 405, 10 O.O. 3d 515, 384 N.E. 2d 280; *State* v. *Romano* (Nov. 18, 1982), Cuyahoga App. No. 44820, unreported.

The minority would remand this case for further findings and conclusions to support the court's suppression of the gun. The minority takes the position that the trial court did not comply with this court's earlier remand for findings and conclusions because the court's entry of findings and conclusions addresses the merits of the jury's conviction rather than the court's denial of the motion.

The appellant has not contended that the court failed to comply with this court's earlier instructions and remand. Appellant has neither assigned as error nor argued that the court's findings and conclusions do not pertain to its suppression ruling. Pursuant to App. R. 12(A), an "appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16, on the record on appeal as provided by Rule 9 and, unless waived, in the oral argument of the parties, or their counsel, as provided by Rule 21. Errors not specifically pointed out in the record and separately argued by brief may be disregarded." Appellant's failure to assign and to argue this error is tantamount to a waiver. Cf. *State* v. *Holden* (1985), 23 Ohio App. 3d 5, 23 OBR 43, 490 N.E. 2d 629 (failure to object to the court's perfunctory overruling of a motion to suppress evidence and failure to request specific findings pursuant to Crim. R. 12[E] waived any such error).

Although it was error for the court not to specifically comply with the appellant's request for findings of fact on the court's suppression rulings, this error was not prejudicial. In *Geraci* v.

*Maddalena* (Oct. 25, 1984), Cuyahoga App. No. 47964, unreported, which is relied upon by the minority, this court addressed the issue of inadequate findings of fact and conclusions of law. This court stated at 5:

"The findings of fact and conclusions of law issued by the trial court are deficient in isolation, yet taken together with the record they provide us with a sufficient basis for determining on review the validity of the assignments of error. * * * Absent the record to support the deficient finding and conclusion, this Court would have ruled otherwise."

Similarly, although the findings and conclusions in the instant case may be deemed insufficient, when taken together with the record, they provide us with a sufficient basis to review appellant's assignments of error and, in particular, the correctness of the court's suppression ruling. The record indicates that the officers observed the appellant violate a local traffic ordinance. They noticed the appellant making furtive gestures as he stopped his vehicle. As the officers were in a high crime area when they observed appellant's suspicious movements, they were concerned for their safety. The weapon in question was found in the lunge area of the appellant while he was in the driver's seat of the automobile. Officer Richissin observed the butt of the gun in plain view underneath the driver's seat after the appellant exited the vehicle. Officer Barrett felt the gun while he was reaching in that area and retrieved the gun. Thus, a thorough review of the record supports the reasonableness of the warrantless search and, also, appellant's conviction for carrying a concealed weapon.

Appellant argues that because there was testimony that the gun was clearly visible and in plain view, the gun was not concealed for purposes of R.C. 2923.12. Although there was testimony that the gun was in view, Officer Richissin testified that only part of the butt of the gun was in plain view. This court has held that a partially concealed weapon is "concealed" within the meaning of R.C. 2923.12. *State* v. *Smith* (Nov. 21, 1984), Cuyahoga App. No. 48136, unreported; *State* v. *Lane* (Dec. 3, 1981), Cuyahoga App. Nos. 43523 and 43505, unreported. See, also, *State* v. *Coker* (1984), 15 Ohio App. 3d 97, 15 OBR 127, 472 N.E. 2d 747.

Appellant further challenges the sufficiency of the evidence regarding the element of knowledge. The record indicates that the appellant was moving and bending over in the vehicle. From this evidence, a rational jury could infer that the appellant was hiding a gun which he knew was present in the car.

Thus, based upon the testimony in the record, the state presented sufficient evidence to establish the elements of a conviction of carrying a concealed weapon.

Accordingly, appellant's two assignments of error are not well-taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, J., concurs.

MARKUS, C.J., dissents.

MARKUS, C.J., dissenting. The defendant appeals from his jury trial conviction for carrying a concealed weapon. He complains that the court erroneously denied his motion to suppress evidence about the weapon, and that the evidence did not support his conviction. This court previously remanded the case for compliance with the defendant's request for findings and conclusions to support the denial

of his motion to suppress. *State* v. *Almalik* (1986), 31 Ohio App. 3d 33, 31 OBR 48, 507 N.E. 2d 1168. While the court purported to comply, its findings and conclusions address the merits of the jury's conviction, rather than the court's denial of the suppression motion. Hence, we should reverse and remand again for the entry of findings and conclusions to support the suppression ruling.

In our previous review of this case, the panel's opinion stated at 34, 31 OBR at 49-50, 507 N.E. 2d at 1169-1170:

"Appellant [defendant] alleges that the state offered more than one theory to justify the search of the automobile, each of which has certain factual prerequisites. Appellant claims as error the court's failure to state its factual findings and, further, its failure to identify the theory upon which it relied.

"* * *

"A recent decision of the Supreme Court has made it clear that when requested to do so, a trial court must state its essential findings of fact on the record. *Bryan* v. *Knapp* (1986), 21 Ohio St. 3d 64 * * *.

"* * *

"* * * As in *Bryan,* without the trial court's factual findings this court cannot 'properly review the propriety of the trial court's ruling.' * * * Accordingly, we are unable to reach the merits of appellant's second and third assignments of error [which are his remaining assignments on this second appeal]."

On remand, the trial court executed the following "Findings of Fact and Conclusions of Law":

"The Court based upon the testimony of the witnesses presented here and for purposes of the record makes the following findings of fact:

"1). That the .38 caliber S&W Model 105 firearm found in the interior of the automobile driven by the defendant on 11/8/84 was partially hidden from the view of officer Timothy Richissin of the Cleveland Police Department, badge #1772.

"2). That only the butt of the weapon was within the ordinary vision of the officer.

"3). That the weapon was within the 'lunge area' of the defendant while in the driver's seat of the automobile.

"4). That the weapon was completely hidden from the view of Officer Timothy Barrett of the Cleveland Police Department, badge #2565, who found same only after being told by his partner of the weapon's location.

"5). That the weapon contained six (6) live rounds of ammunition.

"CONCLUSIONS OF LAW

"1). That the weapon involved in the instant cause was 'concealed' within the meaning of O.R.C. 2923.12 and;

"2). That the weapon involved in the instant cause was a 'deadly weapon' as defined in O.R.C. 2923.11."

These findings and conclusions address the merits of the charge that defendant was "carrying a concealed weapon" in violation of R.C. 2923.12. Since a jury determined the merits of the charge, the court had no occasion to render findings or conclusions about the charge itself. In fact, the jury had sufficient evidence to convict the defendant, if the exclusionary rule did not preclude any evidence about the weapon.

A weapon is concealed if ordinary observation would not reveal its presence, even if it is not completely invisible. *State* v. *Coker* (1984), 15 Ohio App. 3d 97, 98, 15 OBR 127, 128, 472 N.E. 2d 747, 748-749; *State* v. *Pettit* (1969), 20 Ohio App. 2d 170, 173-174, 49 O.O. 2d 200, 202, 252 N.E. 2d 325, 328; *State* v. *Lane* (Dec. 3, 1981), Cuyahoga App. Nos. 43523 and 43505, unreported.

However, we are still unable to determine whether the trial court properly denied the defendant's motion to suppress the state's evidence about that weapon. The court has not explained why it found that the stop and the search were justified. The required findings must state (a) the legal reason(s) why the court decided the stop was proper, (b) the legal reason(s) why the court decided the subsequent search was proper, and (c) the factual circumstances which showed that each of those legal reasons was appropriate. See, *e.g., United States* v. *Ross* (1982), 456 U.S. 798 (automobile exception); *Michigan* v. *Long* (1983), 463 U.S. 1032 (stop and frisk); *Texas* v. *Brown* (1983), 460 U.S. 730 (plain view); *New York* v. *Belton* (1981), 453 U.S. 454 (search incident to arrest).

Consequently, we cannot properly resolve the defendant's two assignments of error. If there were no request for findings and conclusions about the suppression ruling, we could determine whether any version of the hearing evidence supports that ruling. Cf. *Johnson* v. *Minardo* (Oct. 15, 1981), Cuyahoga App. No. 43610, unreported. When a party properly requests such findings and conclusions, we must limit our review to the actual reasons which the court used to reach its ruling. Cf. *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 172-173, 23 OBR 336, 337-338, 492 N.E. 2d 146, 147-148; *Geraci* v. *Maddalena* (Oct. 25, 1984), Cuyahoga App. No. 47964, unreported.

When the court provides required findings, we must determine whether the evidence supported the court's factual findings and whether those findings supported its legal conclusions. The state argues that the search was justified (a) because the weapon was in plain view of the searching officer, or (b) because the officer searched for his own protection. The record does not support a plain view search and seizure. The officer who found the gun had not seen it before he found it under the seat. The defense denied that the officers perceived any danger. Without the requested findings, we cannot determine whether the trial judge believed the officers' testimony.

From this record, we do not know the court's basis for its ruling on the suppression motion. Hence, we should reverse the defendant's conviction and remand the case for the court to enter findings and conclusions on the defendant's motion to suppress.