## State v. Young
### [Cite as 2 AOA 2]

*Case No. C-890136*
*Hamilton County, (1st)*
*Decided March 21, 1990*

*4th Amendment U.S. Constitution*
*2923.12*

■■■■■■■

*Arthur M. Ney, Jr., Prosecuting Attorney, and David L. Prem, Esq., 420 Hamilton County Courthouse, Court & Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellant,*

*Timothy A. Smith, Esq., 13 East Court Street, Cincinnati, Ohio 45202, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 12, the record from the trial court, the briefs and the arguments of counsel.

Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Hamilton County Court of Common Pleas in which it granted the motion to suppress of the defendant-appellee, Terry Young. In its sole assignment of error the State maintains that the trial court erred when it granted the appellee's motion to suppress. We agree.

During the hearing on the appellee's motion to suppress, the arresting officer testified to specific, articulable facts which we find would cause a prudent police officer, in light of his professional experience, to reasonably conclude that the appellee was a party to a drug transaction. Therefore, the officer was entitled to make a reasonable inquiry into the appellee's activities. See *Terry v. Ohio* (1968), 392 U.S. 1, 88 S. Ct. 1868.

During that inquiry, the officer observed, in plain view, the handle of a spring-loaded baton[1] protruding from a compartment within the dashboard of the motor vehicle in which the appellee was seated.[2] Appellee was arrested for carrying a concealed weapon, a violation of R.C. 2923.12. During the search of the appellee incident to his arrest, contraband was discovered which was ultimately suppressed by the trial court, and which is now the subject of this appeal.

The arrest for carrying a concealed weapon was lawful. We find persuasive the logic of the Courts of Appeals for Cuyahoga and Summit Counties which have held that where a portion of a partially concealed weapon is in plain view, the weapon may nevertheless be 'concealed' within the meaning of R.C. 2923.12. *State v. Almalik* (1987), 41 Ohio App. 3d 101, 105, 534 N.E.2d 898, 902; *State v. Coker* (1984), 15 Ohio App. 3d 97, 472 N.E.2d 747, 749.

Accordingly, we hold that the trial court erred when it granted the appellee's motion to suppress the contraband that was discovered during the search of his person incident to his arrest for carrying a concealed weapon.

The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with law and this Decision.

*Judgment reversed,*
*and cause remanded.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ.

---

[1] This spring-loaded device propels a blunt projectile.

[2] The Ohio Supreme Court extended the scope of a *Terry* intrusion to interiors of automobiles within a suspect's reach, in *State v. Smith* (1978), 56 Ohio St. 2d 405, 384 N.E.2d 280, the syllabus of which holds:

Where a police officer stops and approaches a motor vehicle at night for a traffic violation and sees the driver, while exiting the car, furtively conceal something under the front seat, limited search of that area is reasonable for the purpose of the officer's protection. (*Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1968, 20 L.Ed 2d 889; *Adams v. Williams*, 407 U.S. 143, 92 S. Ct. 1921, 32 L.Ed 2d 612; *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 30 L.Ed 2d 685, controlling.)