DISSENTING OPINION
I respectfully dissent.
The majority acknowledges that when viewed alone the testimony presented by the prosecution justified the officers' initial Terry
stop. The majority presumes that the trial court suppressed the evidence on the basis of the facts presented by the defendant and concludes that it must defer to the trial court's factual findings.
The trial court made no findings, however, and Crim.R. 12(E) requires findings. State v. Almalik (1986), 31 Ohio App.3d 33. Crim.R. 12(E) provides: Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
I agree with the majority that the trial court is the forum that should evaluate the evidence and credibility of witnesses during suppression hearings. The trial court failed to provide that evaluation here, however. This court should not guess at such findings. Nor should we defer to what we guess to be the findings. I would therefore reverse and remand this case for findings of fact as this court did in State v. Almalik, supra.