JOURNAL ENTRY AND OPINION
Alexander Alicea appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of possession of drugs and possession of criminal tools. On appeal, he alleges that the trial court committed several errors in connection with its ruling on his motion to suppress evidence and he also asserts that the state presented insufficient evidence to support his convictions. After careful review, we reject these contentions and affirm the judgment of the trial court.
The history of this case reveals that on May 5, 2000, Sergeant Douglas Dvorak, a nineteen-year veteran officer with the Cleveland Police Department, set up surveillance in an undercover van in a parking lot near West 50th Street and Clark Avenue, in response to complaints of drug sales in the area. During his surveillance, a white male came out of an apartment building, stared at every car that approached, and paced nervously up and down Clark Avenue. Sergeant Dvorak, who has made more than one hundred drug-related arrests in this specific area over a twelve-and-a-half year period of time, believed the male to be a drug buyer, based on his wired appearance. When a gray Chevy Lumina van pulled up, the white male appeared to recognize its occupants and walked direclty to the driver's side of the van. Upon observing this activity, Sergeant Dvorak immediately radioed a description of the van to Dectives Neal Hutchinson and Detective Robert Kanzig, who had been assisting Dvorak's surveillance work that day in a take-down detective vehicle on West 54st Street, north of Clark Avenue. Detective observed the white male, with money in his hand, reach into the driver's side window and hold out his left hand. The driver put something into the palm of the white male, who, upon obtaining the material in the palm of his left hand, walked away from the vehicle, fingered the objects with his right index finger, and returned to the apartment building.
The Chevy Lumina then proceeded eastbound on Fanta Court, apparently turned south on West 48th Street, and then turned right or westbound onto Clark Avenue, passing West 50th Street where Dvorak again saw the vehicle. Rather than leaving his location, Sergeant Dvorak radioed information to Detectives Hutchinson and Kanzig about the direction in which the van was traveling and informed them as the van proceeded westbound on Clark Avenue. Within fifteen seconds of his radio advisory, Kanzig radioed back to Dvorak that he and Hutchinson had the gray Chevy Lumina in sight.
After following the van for a short distance, Detectives Hutchinson and Kanzig stopped it near West 53rd and Lorain Avenue. These detectives ordered the driver, Alexander Alicea, and the passenger, Fred Haynes, out of the van, looked inside, and saw crumbs of crack cocaine on the floor of the van, between the driver and the passenger's seats. Detective Hutchinson recognized these as shake, the name given to crack cocaine left over from the larger rocks and sometimes sold by the bag. Detective Hutchinson then arrested both Alicea and Haynes, seizing $1,632 in cash, a pager, and a cell phone from Alicea, and $409 in cash and a pager from Haynes. The shake found in the van later tested positive for 0.02 grams of crack cocaine.
On July 20, 2000, a grand jury indicted Alicea and Haynes charging each with possession of drugs, preparation of drugs for sale, and possession of criminal tools.
Alicea and Haynes filed a joint motion to suppress the evidence in the case. At the hearing on that motion, Sergeant Dvorak testified about his observation of the drug sale; about how he radioed this information to Detectives Hutchinson and Kanzig, who were assisting him with surveillance work that day in a takedown car; and about how he advised them of the direction the Chevy was traveling. Detective Hutchinson testified that he received information from Sergeant Dvorak about a drug sale near West 50th Street and Clark Avenue conducted from a gray Chevy Lumina and further that he stopped the vehicle upon the information from Dvorak less than a minute later. Alicea did not present any witnesses. The court then overruled the motion to suppress. Following the ruling, defense counsel requested the court to make findings pursuant to Crim.R. 12(E); the court agreed to do so at the conclusion of the trial, but subsequently never did make any such findings.
At the jury trial commenced that same day, Sergeant Dvorak testified that he was only fifty feet from the drug transaction and described how the unidentified male pushed the objects obtained from the driver of the Chevy Lumina around in his hand, explaining that people buying rocks of crack cocaine would push the rocks of crack around with their fingers and hand to separate them and ensure that they got a good amount of the drug. He described this action as unique to buyers of crack cocaine, something he had observed hundreds of times. Sergeant Dvorak also testified that the drug trade is a cash business.
Detective Hutchinson testified that from his experience searching vehicles, it was common to find shake on the floor or seats of drug dealers' vehicles. He further testified that pagers and cell phones are the tools of the drug trade and also that the drug trade is a cash business.
At the close of the state's case, Alicea and Haynes moved for acquittal pursuant to Crim.R. 29. The trial court granted their motion with respect to preparation of drugs for sale, but overruled it as to possession of drugs and possession of criminal tools.
On November 1, 2000, the jury returned a verdict finding them both guilty of both counts. The court sentenced them to concurrent terms of eleven months on each count.
Alicea now separately appeals, raising three assignments of error for our review. The first states:
 I. THE TRIAL COURT ERRED BY FAILING TO STATE ITS ESSENTIAL FACTUAL FINDINGS ON THE RECORD PURSUANT TO RULE 12(E), OHIO RULES OF CRIMINAL PROCEDURE, WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS UPON THE DEFENDANT-APPELLANT'S TIMELY REQUEST.
Alicea contends that the trial court failed to state its findings on the record pursuant to Crim.R. 12(E) and he requests that this court remand the case for findings of fact. The state contends that findings of fact are not necessary for an appellate review.
The issue, then, concerns whether the trial court's failure to make essential factual findings warrants remand for findings of fact in connection with the trial court's denial of Alicea's motion to suppress.
Crim.R. 12(E) provides the following:
 Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
In State v. Waddy (1992), 63 Ohio St.3d 424, the court considered a similar case where the lack of findings had been assigned as an error on appeal:
 * * * [Appellant] complains that the trial court erred by refusing to "state its essential findings" of fact, Crim.R. 12(E), on defense motions to suppress evidence. See Bryan v. Knapp (1986), 21 Ohio St.3d 64, 21 OBR 363, 488 N.E.2d 142. However, we think the record sufficient to allow full review of the suppression issues. See State v. Brewer (1990), 48 Ohio St.3d 50, 60, 549 N.E.2d 491, 501. We reject this proposition of law. (Emphasis added.)
This view, that in the absence of factual findings, a sufficient record affords a full review of the suppression issues, has been consistently followed by our court. In State v. Almalik (1987), 41 Ohio App.3d 101, we stated the following, quoting Geraci v. Maddalena (Oct. 25, 1984), Cuyahoga App. No. 47964, unreported:
 The findings of fact and conclusions of law issued by the trial court are deficient in isolation, yet taken together with the record they provide us with a sufficient basis for determining on review the validity of the assignment of error. * * * Absent the record to support the deficient finding and conclusion, this Court would have ruled otherwise.
In State v. King (1999), 136 Ohio App.3d 377, we stated similarly:
 This court recognizes that Crim.R. 12(E) mandates that a trial court state its essential findings on the record when factual issues are involved in determining a motion * * *. However, the trial court's failure to provide its "essential findings" on the record in this case is not fatal to a review of the trial court's motion ruling at this time because "the record provides an appellate court with a sufficient basis to review appellant's assignment of error * * *" See Parma v. Reschke (Feb. 14, 1991), Cuyahoga App. No. 58015, unreported, 1991 WL 19151, at 2, citing State v. Almalik (1987), 41 Ohio App.3d 101, 534 N.E.2d 898, and Geraci v. Maddalena (Oct. 25, 1984), Cuyahoga App. No. 47964, unreported, 1984 WL 5271.
Here, Alicea filed a motion to suppress the evidence regarding items seized by the police on May 5, 2000, arguing that the items had been seized pursuant to an invalid investigatory stop and that the warrantless search of his vehicle was not based on probable cause. The record indicates that at the suppression hearing, Sergeant Dvork related his observation of the drug sale near West 50th Street and Clark Avenue involving a gray Chevy Lumina and also his communication of this information to Detectives Hutchinson and Kanzig in their take-down car. The record also reflects that Hutchinson testified that he spotted and stopped the Chevy Lumina immediately after he received that information. This state of record, although devoid of the trial court's findings of facts, is sufficient to allow a full review of Alicea's claim on appeal regarding his motion to suppress, and therefore it does not necessitate a remand for factual findings. Accordingly, this assignment of error is overruled. The second assignment of error states:
 II. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS IN VIOLATION OF HIS RIGHT AGAINST ILLEGAL SEARCH AND SEIZURE AS GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
Alicea contends that Detectives Hutchinson and Kanzig had conducted an invalid investigatory stop of his Chevy Lumina because the evidence given at the hearing did not support a finding of reasonable suspicion of criminal activity warranting an investigatory stop. He further contends that no probable cause existed to justify a search of his van. The issue then concerns whether the trial court erred in denying Alicea's motion to suppress.
In State v. Gaston, 110 Ohio App.3d 835, the court summarized the law regarding an investigatory stop as follows:
 In Terry v. Ohio (1968), 392 U.S. 1, 23, 20 L.Ed.2d 889, 88 S.Ct. 1868, the United States Supreme Court recognized that police officers may conduct reasonable searches of individuals who are not in custody to ensure that they are not armed prior to conducting investigatory questioning. This investigative stop exception to the Fourth Amendment warrant requirement allows the police to detain an individual if the officer has a reasonable suspicion which is based upon specific and articulable facts, that criminal behavior has, or is about to occur. The propriety of an investigative stop must be viewed by reviewing the totality of the circumstances. State v. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271, certiorari denied 501 U.S. 1220, 115 L.Ed.2d 1002, 111 S.Ct. 2833; State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, certiorari denied 488 U.S. 910, 102 L.Ed.2d 252, 109 S.Ct. 264; State v. Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.
Furthermore, in State v. Bobo (1988), 37 Ohio St.3d 177, the court identified several facts which could justify a police officer's investigative stop in connection with drug-related criminal activity. These included the following: (1) the area in which the actions occurred was an area of high drug activity; (2) the officer viewed the circumstances through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training; (3) the officers were familiar with the area and how drug transaction occurred there.
Finally, the evaluations of evidence and credibility of witnesses during suppression hearings are issues to be determined by the trial court, see State v. Mills (1992), 62 Ohio St.3d 357; State v. Smith (1991), 61 Ohio St.3d 284.
Here, the record reveals that at the suppression hearing, Sergeant Dvorak testified that the area between West 44th Street and West 50th Street is an area of high drug activity: the Cleveland Police Department received numerous complaints of crack cocaine street sales in that area, and he personally had made numerous drug-related arrests there. Sergeant Dvorak testified that he had eleven years of drug law enforcement experience, had made a thousand arrests involving crack cocaine, and had trained other officers on drug law enforcement. He further described the specific behaviors of the unidentified male from the apartment before and after he reached into the driver's side window of the Chevy Lumina, which Dvorak recognized, based on his experience, as manifesting a drug transaction, in particular, a sale of crack cocaine.
We therefore conclude that the record contains specific and articulable facts, which, viewed in light of the totality of circumstances, justified Sergeant Dvorak's suspicion that the driver of the Chevy Lumina engaged in criminal activity, which he immediately radioed to Detectives Hutchinson and Kanzig, stationed in a take-down car less than half a mile away. Thus, the two detectives also had reasonable suspicion, based upon the observations of Dvorak communicated to them instantaneously over the radio, to justify their investigative stop of the gray Chevy Lumina.
Having determined that the stop was reasonable, we must next determine whether the officers had reasonable cause to search the vehicle. Here, we apply the standard summarized by the court in State v. Mills (1992), supra, in connection with the automobile exception to the constitutionally mandated warrant requirement:
 The well-established automobile exception allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence that is subject to seizure, and exigent circumstances necessitate a search or seizure. Chambers v. Maroney (1970), 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428; Carroll v. United States (1925), [* * *16] 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The mobility of automobiles often creates exigent circumstances, and is the traditional justification for this exception to the Fourth Amendment's warrant requirement.
The burden of proof in a warrantless search rests with the prosecution to prove, by a preponderance of the evidence, the legality of the search. Katz v United States (1967), 389 U.S. 347.
Here, despite Alcea's contention that probable cause did not exist to search his van, the record reveals that Sergeant Dvorak testified in great detail about his observation that the Chevy Lumina, after being involved in what Dvorak believed to be a drug sale, headed west on Clark Avenue; and about how he radioed the information to two detectives stationed nearby, who located the gray Chevy Lumina traveling in a direction consistent with what Detective Hutchinson had relayed moments earlier. This evidence, in our view, met the state's burden to establish probable cause for the detectives to believe that the Chevy Lumina they stopped had been the van observed by Detective Dvorak moments earlier which was involved in a crack cocaine sale near West 50th Street and Clark Avenue.
Because the state had presented a preponderance of evidence to show that the officers had reasonable suspicion to conduct an investigative stop of Alicea's Chevy Lumina and also had probable cause to search the van, and because the evaluations of evidence and credibility of witnesses during suppression hearings are determined by the trial court, we conclude that the trial court did not err when it denied Alicea's motion to suppress evidence seized from the police search of his Chevy Lumina.
Alicea's third assignment of error states:
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO RULE 29, OHIO RULES OF CRIMINAL PROCEDURE, BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSES CHARGED BEYOND A REASONABLE DOUBT.
In connection with the charge of possession of drugs, Alicea contends that the court erred in not granting his Crim.R. 29 motion, arguing that the minute quantify of the drug, coupled with the state's failure to prove actual ownership, does not provide sufficient evidence to prove his offense of possession of drugs.
Crim.R. 29(A) states, in relevant part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, the court summarizes the standard of review for an insufficiency claim:
 * * *[T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. (Citations omitted.)
Furthermore, R.C. 2925.11 prohibits a person to knowingly obtain, possess, or use a controlled substance and R.C. 2925.01(L) defines possession as follows:
 "Possess" or "possession" means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession of a drug includes possessing individually, or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others. See 4 OJI 409.50.
In addition, possession may be actual or constructive. State v. McShan (1991), 77 Ohio App.3d 781. Constructive possession exists when an individual exercises dominion and control over the object, even though that object may not be within his immediate physical possession. State v. Wolery (1976), 46 Ohio St.2d 316, 329. Moreover, readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of such drugs. See State v. Barr (1993),86 Ohio App.3d 227, 235.
Here, count one of the indictment charged that Alicea did knowingly, possess, or use a controlled substance, to-wit: crack cocaine, a schedule II drug, in an amount one gram or less, in violation of R.C. 2925.11. The state presented testimony from an experienced drug enforcement officer that he found, on the floor of Alicea's van, between the driver and the passenger's seat, something he recognized as shake — crumbs of crack cocaine left over from larger rocks and sometimes sold by the bag. We conclude that the state's evidence has constituted sufficient circumstantial evidence to establish Alicea's proximity to crack cocaine and hence establishes his constructive possession of the drug.
Alicea urges this court to require the state to prove actual possession when minute quantities of drugs are involved, arguing that the public policy of conserving judicial resources warrants a heightened burden of proof. We note that the statute does not exempt minute quantities of drug and this court has consistently rejected arguments that a minute quantity of drugs is insufficient to prove possession as required by R.C.2925.11. See, e.g., State v. Smith (July 6, 2000), Cuyhoga App. No. 76501, unreported; State v. Newsome (Dec. 31, 1990), Cuyhoga App. No. 59868, unreported. Whether the possession of a minute amount of a drug warrants proof of actual possession is an issue properly left to the legislature and we decline to usurp the legislature's role in implementing drug enforcement policy.
Alicea also contends that because the court dismissed the charge of preparation of drugs for sale, which he argued had constituted the criminality forming the basis of the charge of possessing of criminal tools, there must similarly be a lack of sufficient evidence to prove the charge of possessing criminal tools.
Civ.R. 2823.24 provides, in part:
 (B) Each of the following constitutes prima-facie evidence of criminal purpose:
* * *
 (3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.
Here, the possession of criminal tools count charged the following:
 * * * possessed or had under their control a substance, device, instrument, or article, with purpose to use it criminally, to-wit:
 money, pager, cellular phone, and such substance, device, instrument, or article was intended for use in the commission of a felony, in violation of Section 2923.24 of the Ohio Revised Code.
The record further indicates that in addition to the crumbs of cocaine on the floor of Alicea's Chevy Lumina, Detectives Hutchinson and Kanzig also found a pager, a cell phone, and cash in the form one fifty-dollar bill, sixty twenty-dollar bills, thirty-five ten-dollar bills, six five-dollar bills, and one two-dollar bill, totaling $1,632. Both Sergeant Dvorak and Detective Hutchinson explained that drug trade is a cash trade and Detective Hutchinson explained that pagers and cell phones are essential tools of the drug trade. Therefore, the trial court's determinationthat insufficient evidence existed to establish that Alicea had committed the offense of preparation of drugs for sale, does not preclude it from finding that there existed sufficient evidence for a fact finder to conclude that the items found in the van were intended for criminal use.
Accordingly, we conclude that the trial court, after viewing the probative evidence and inferences reasonably drawn therefrom in a light most favorable to the prosecution, did not err in determining that any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt and denying Alicia's motion to dismiss the state's charges of possession of drugs and possessing criminal tools. Consequently, we overrule this assignment of error.
On the basis of the foregoing, we affirm the judgment of the trial court entered pursuant to the jury verdict in this case.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, ADM.J. and ANN DYKE, J. CONCUR.