OPINION
Defendant-appellant Richard E. Cox appeals the September 21, 2000, Judgment Entry of the County Court of Perry County which denied appellant's Motion to Suppress and his subsequent conviction and sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 9, 2000, Sergeant Jared Wright of the Perry County Sheriff's Department was traveling on State Route 13 at approximately 11:07 P.M. Sergeant Wright observed a purple Chevy Camaro sitting in the front yard of a residence. The Camaro had its right turn signal on, its lights on, and the engine running. The driver appeared to be asleep.The yard was in front of a large farm house in which Sergeant Wright believed an elderly couple lived. Sergeant Wright testified that the car in the front yard was unusual for the house. Sergeant Wright testified that he has patrolled that section of State Route 13 at least 500 times and that he is familiar with the locality. Sergeant Wright testified that the car did not appear to be where it belonged and that it seemed odd to him for a vehicle to be sitting in the yard with its lights on and its turn signal on.
Sergeant Wright pulled off the road and walked to the vehicle. Sergeant Wright testified that he approached the vehicle to see if appellant was in need of medical attention. Upon reaching the vehicle, Sergeant Wright found defendant-appellant Richard E. Cox [hereinafter appellant] sitting in the driver's seat, apparently asleep.
Sergeant Wright attempted to wake appellant. Sergeant Wright testified that it took roughly forty-five seconds to awaken appellant. Once appellant was awake, Sergeant Wright asked him for his driver's license. Appellant handed Sergeant Wright a handful of one dollar bills and asked for two or three beers, whichever one he had enough to buy. Sergeant Wright responded by raising his voice and telling appellant that he was from the Sheriff's Office and that he needed appellant's driver's license. Sergeant Wright testified that at that point, appellant became much more alert and handed Sergeant Wright his driver's license.
Sergeant Wright noted that when appellant handed him the money, appellant had a strong odor of an alcoholic beverage about his breath. Sergeant Wright then asked appellant if he had been drinking and appellant said that he had.
After appellant provided his driver's license, Sergeant Wright asked appellant to exit the vehicle and to complete field sobriety tests. Sergeant Wright testified that in addition to the odor of alcohol, appellant had "thick tongue speech", and bloody, blood shot, glassy eyes. TR 6. Appellant performed the one leg stand, the walk and turn and the horizontal gaze nystagmus. Subsequently, appellant's blood alcohol level was determined to be .174.
Appellant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (3).[1] Appellant was arraigned on June 13, 2000 and entered a plea of not guilty.
Subsequently, on July 20, 2000, appellant filed a Motion to Suppress. In the Motion, appellant contended that there was no reasonable and articulable suspicion to stop and seize appellant.
A hearing was held on appellant's motion on August 31, 2000. By Judgment Entry filed September 21, 2000, appellant's Motion to Suppress was denied. Thereafter, by Judgment Entry filed December 7, 2000, appellant entered a plea of no contest to driving under the influence, in violation of R.C. 4519.19(A)(1). The charge of driving under the influence pursuant to R.C. 4511.19(A)(3) was dismissed. Upon finding appellant guilty, the trial court sentenced appellant to 60 days in jail, with 57 days suspended and imposed a $500.00 fine with $200.00 of the fine suspended. Further, appellant was ordered to perform ten hours of community service, attend a three day alcohol school, and pay court costs. Lastly, appellant was placed on probation for one year and his driver's license was suspended for six months.
It is from this conviction that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS REGARDING THE LAWFULNESS OF DEFENDANT'S INITIAL SEIZURE BY LAW ENFORCEMENT.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, and Guysinger, supra. It is based on this standard that we review appellant's sole assignment of error.
In denying appellant's Motion to Suppress herein, the trial court found "that there was probable cause to make the stop due to articulable suspicion".[2] Appellant argues that Sergeant Wright's encounter with appellant cannot be classified as a consensual encounter because the encounter occurred on private property[3] and that the encounter is not subject to the "caretaker exception"[4]. We note that, apparently, the trial court did not base its decision upon the application of either legal doctrine. We find that we need not address those doctrines. We agree with the trial court that there was reasonable, articulable suspicion to support Sergeant Wright's approach of appellant's vehicle.
An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v.Ohio (1968), 392 U.S. 1, 21-22. Whether the stop was reasonable, must be considered in light of the totality of the circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
In the case sub judice, at 11:07 P.M. Sergeant Wright observed a vehicle in a residential front yard, not in a driveway. Sergeant Wright believed an elderly couple lived in the residence. The vehicle had its headlights on, its right turn signal on, its engine running and the driver appeared to be asleep. Sergeant Wright testified that it was unusual for a vehicle to be in that particular front yard pursuant to his routine patrol of the area. We find that Sergeant Wright's observations constitute reasonable, articulable suspicion sufficient to justify investigation.[5] Upon asking for appellant's driver's license, appellant's request to purchase beer provided reasonable, articulable suspicion to continue the investigation. Thus, we find that Sergeant Wright's initial seizure of appellant was supported by reasonable, articulable suspicion and therefore lawful.[6]
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Court is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John Boggins, J. concur.
[1] No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
. . .
 (3) The person has a concentration of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath;
[2] We note that the trial court failed to comply with Crim. R. 12(E) which states, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." While this court could remand this matter for factual findings, an appellate court may review a motion to suppress without remand if the record provides a sufficient basis to review appellant's assignment of error. State v. Almalik (1987), 41 Ohio App.3d 101. We find that the record is sufficient in this matter for our review.
We also note that the trial court seems to treat the concepts of probable cause and reasonable suspicion as synonymous which is incorrect. However, since articulable suspicion is sufficient to justify a Terry
stop, the error is harmless.
[3] We reject appellant's assertion that a consensual encounter may not occur on private property. Recently, this court noted that a consensual encounter may occur on private property. State v. Haberman (June 2, 2000), Fairfield App. No. 99CA0068, unreported, 2000 WL 873521 (citingState v. Williams (1990), 51 Ohio St.3d 58).
[4] The caretaker exception, as defined by appellant, involves a law enforcement officer's investigation of an accident which does not include the detection, investigation or acquisition of evidence relating to a criminal statute. Cady v. Dumbrowski (1973), 413 U.S. 433, 441.
[5] Appellant stipulated to the existence of probable cause to arrest.
[6] We note that appellant argues that the Sergeant had no reasonable, articulable suspicion based upon the Sergeant's testimony that he had not observed appellant commit an unlawful act nor had any indication that appellant had broken any laws. However, there need only be reasonable, articulable facts that a person may be involved in criminal activity. SeeTerry v. Ohio, supra. From the facts adduced at the hearing on the Motion to Suppress, we find that reasonable, articulable suspicion existed.