The STATE of Ohio, Appellee,

v.

BAILEY, Appellant.

[Cite as *State v. Bailey* (1992), 83 Ohio App.3d 749.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–910906, C–910907.

Decided Dec. 23, 1992.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Robert R. Hastings,* for appellant.

---

*Per Curiam.*

This cause came on to be heard upon the appeals, the transcripts of the dockets, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel. We have consolidated the two appeals for briefing, argument and decision. The two appeals result from the joint trial of two indictments which, in combination, charged the defendant with thirteen sexual offenses against four minor males.

In a trial without a jury the defendant, Ted R. Bailey ("Bailey"), was found guilty of five of the seven counts contained in the indictment numbered B–913798 on the docket of the trial court; he was found guilty of three of the six counts contained in the indictment numbered B–915909 on the docket of the trial court.

Sentence was immediately imposed as follows:

|  | B–913798 (Appeal No. C–910906) |
|---|---|
| Count 1 | Life imprisonment |
| Count 2 | Life imprisonment |
| Count 5 | Life imprisonment |
| Count 6 | Life imprisonment |
| Count 7 | Two years' imprisonment |
|  | B–915909 (Appeal No. C–910907) |
| Count 2 | Two years' imprisonment |
| Count 4 | Two years' imprisonment |
| Count 6 | Two years' imprisonment |

---

The sentences in both cases were ordered to be served concurrently. Bailey was also assessed the costs in both cases.

The appellant presents four assignments of error; none has merit. We will address the assignments in the order advanced by Bailey.

### First Assignment of Error

"The trial court erred in not dismissing Count 2 of Case No. B–915909, *sua sponte,* for being beyond the statute of limitations for criminal prosecution."

The indictment bearing the number B–915909 was returned September 10, 1991. Count 2 of that indictment charged Bailey with sexual contact with a

male individual (Dustin) in the summer of 1981 when Dustin was under thirteen years of age. The record reflects that Bailey was arrested on this charge on September 11, 1991.

The limitation for commencing criminal prosecutions for sexual contact as proscribed in R.C. 2907.05, the felony identified as gross sexual imposition, is six years after the offense is committed. R.C. 2901.13. Without more, prosecution for the offense charged in Count 2 of the September indictment would be barred after the summer of 1987. But the statute contains exceptions to the general rule, among them being subsection (F), which provides that "the period of limitation shall not run during any time when the corpus delicti remains undiscovered." R.C. 2901.13(F). This subsection has been interpreted by the Supreme Court of Ohio in *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711. The syllabus of that case is:

"For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."

Further, the Supreme Court rejected the view that the corpus delicti was "discovered" by the child victims because they understood the wrongness of Hensley's acts. *State v. Hensley, supra,* at 139, 571 N.E.2d at 714.

Because the indictment in B–915909 was returned on September 10, 1991, prosecution on the second count of the indictment would be barred if the corpus delicti had been discovered prior to September 10, 1985. According to the transcript of the proceedings, Dustin would have been, at the oldest, sixteen years of age on that date in 1985.

Further, the transcript reflects that the first time Dustin reported the incident to an adult (his probation officer) was on April 7, 1989, a date clearly within the six years prior to the commencement of the action. *State v. Hensley, supra.*

The record reflects that the foregoing dates and ages of Dustin are uncontroverted. Bailey did not move for dismissal of the second count, and on the record before this court the trial court did not err in failing to dismiss the second count of case number B–915909 on its own initiative. The first assignment of error is overruled.

### Second Assignment of Error

"The trial court erred in overruling the objection to the hearsay testimony given by Diane Lenz."

The admission or exclusion of evidence is a matter committed to the sound judicial discretion of the trial judge. *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130, certiorari denied (1967), 390

U.S. 1024, 88 S.Ct. 1409, 20 L.Ed.2d 281. There was clear justification for admitting the testimony of the probation officer; it was relevant to and probative of the discovery of the corpus delicti. It was also admissible to rebut the charge of recent fabrication. Evid.R. 801(D)(1)(b). There was no abuse of discretion in admitting the testimony of the probation officer.

### Third Assignment of Error

"The verdict is against the weight of evidence and contrary to law."

■ The record contains competent, relevant and probative evidence from which the trier of fact could reasonably conclude that all the elements of the offenses had been proved beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. We have reviewed the entire record, weighed the evidence and all reasonable inferences, considered the credibility of the witnesses, and have concluded that the trier of fact did not lose his way or create such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. The third assignment of error is without merit.

### Fourth Assignment of Error

"The appellant was denied a fair trial as guaranteed to him by the Fifth, Sixth, and Fourteenth Amendments due to his trial counsel's ineffectiveness."

■ To establish a claim of ineffective assistance of counsel, Bailey must prove a substantial violation of his counsel's essential duties to him and that his defense was prejudiced thereby. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show prejudice resulting from counsel's performance of his duties to Bailey, the appellant must prove that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different.

■ We have reviewed the record with specific attention to the complaints of Bailey which, he contends, demonstrate the ineffectiveness of his trial counsel. Those complaints are: failure to object to evidence of other sexual activity with the victims of Bailey's advances which were not the subjects of any counts in either indictment; and failure to object to evidence of other incidents of Bailey's sexual activity.

The record contains ample evidence of Bailey's guilt, apart from those instances on which the alleged ineffective assistance of counsel is predicated, and on which the trial judge could find Bailey guilty beyond a reasonable doubt.

The fourth assignment of error is overruled.

All assignments of error having been ruled upon, the judgments from which these appeals are taken are affirmed.

*Judgments affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.