OPINION.
{¶ 1} The defendant-appellant, Darius McCurdy, appeals from his conviction, following a jury trial, of murder, in violation of R.C.2903.02(A), and the accompanying firearm specification, and of having a weapon under a disability, in violation of R.C. 2923.13(A)(3). The trial court sentenced McCurdy to consecutive prison terms of fifteen years to life for the murder count, three years for the firearm specification, and one year for the weapon-under-disability count. In his two assignments of error, McCurdy now contends that (1) he was deprived of a fair trial by the ineffective assistance of his trial counsel, and (2) the evidence was insufficient to convict him of murder. The assignments of error are not well taken.
 {¶ 2} On March 19, 2002, Rahshan "Noodles" Jones entered Downtown Groceries at Fifteenth and Pleasant Streets in Cincinnati. Clarence "Rabbit" Nelson followed him into the store. McCurdy and several other young males were outside. Inside, Nelson said to Jones, "[Y]ou think this shit is funny; you snitched on my partner; this shit ain't funny." As Jones walked toward the cashier, Nelson jumped on his back, knocking him to the floor and upending a merchandise rack. The store bouncer, Leroy Crooms, responded, pulled Nelson off of Jones, and ejected Nelson from the store. Crooms offered to call the police, but Jones declined and left the store.
 {¶ 3} Outside, the altercation, fueled by Nelson, resumed. A neighborhood friend went to the barbershop of Levi Jones, Rahshan Jones's father, and informed him of the fight. The father rushed to the scene a block away. He grabbed Nelson, pinning his arms to his side. He then bashed Nelson's head against a parked car. Witnesses saw McCurdy step out of the crowd assembled on the sidewalk and use a handgun to fire three shots that killed Rahshan Jones.
 {¶ 4} Police officer Robert Hess, who was less than a block away, heard the shots and ran to the scene. He saw a tall, thin, light-skinned, African-American male wearing a silver, or gray, and maroon bubble coat flee north on Pleasant Street. Robbie Jones, Rahshan's cousin and a witness to the shooting, identified the perpetrator, whom he knew only as Darius. After Robbie Jones identified McCurdy from a photo array, police issued a warrant for McCurdy's arrest.
 {¶ 5} Approximately three hours after Rahshan Jones was shot and killed, McCurdy turned himself in at a district police station. He initially gave three different accounts in which he exonerated himself to Homicide Detective David Feldhaus. In his fourth statement, McCurdy admitted that he had shot Rahshan Jones, but claimed that he had shot in self-defense because Rahshan was known to carry a gun and approached him with his hands in his pocket.
 {¶ 6} The police asked for and obtained McCurdy's consent to search the apartment he shared with a girlfriend. In the apartment, they recovered the maroon and gray bubble coat with a firearm in the pocket. The firearm was matched to the shell casings and bullet fragments recovered at the scene of the shooting. The police also recovered McCurdy's muddy boots, which had a tread that matched the tracks he had left as he fled on Pleasant Street.
 {¶ 7} In his first assignment of error, McCurdy contends that he was denied his constitutional right to effective assistance of counsel because his counsel (1) failed to object to the admission of four different hearsay statements, and (2) failed to request an instruction on the lesser-included offense of reckless homicide. A reviewing court may not reverse a conviction for ineffective assistance of counsel unless the defendant shows first that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's error, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. A "reasonable probability" in this context is one that undermines confidence in the outcome. See State v. Sanders,92 Ohio St.3d 245, 274, 2001-Ohio-189, 750 N.E.2d 90. When conducting its inquiry, "[a] reviewing court must strongly presume that `counsel's conduct falls within the wide range of reasonable professional assistance,' and must `eliminate the distorting effects of hindsight, * * * and * * * evaluate [counsel's] conduct from counsel's perspective at the time.'" Id. at 273, 2001-Ohio-189, 750 N.E.2d 90, quotingStrickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052; see Statev. Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, at ¶ 17.
 {¶ 8} McCurdy argues that his defense counsel did not object to the hearsay statement of Detective Feldhaus relating a conversation with Robbie Jones, an eyewitness to the shooting, in which Jones identified McCurdy as the person who had fired the shots that killed Rahshan. Evid.R. 801(D)(1)(c) provides that a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, and if the statement relates to the identification of a person, soon after perceiving him, as long as the circumstances demonstrate the reliability of the prior identification. Detective Feldhaus's statement was not hearsay in light of McCurdy's admission to police that he fired the shots.
 {¶ 9} McCurdy next argues that his defense counsel did not object to hearsay statements of Levi Jones, who said he had been told that "guys were jumping on [his] son" and that a woman had told him "they were jumping on Noodles." These extrajudicial statements by out-of-court declarants were not hearsay because they were not admitted to prove the truth of the matter asserted. See Evid.R. 801(C). They were not offered to prove that Rahshan was being attacked, but were offered to explain why Levi Jones had gone to the assistance of his son. See State v. Thomas
(1980), 61 Ohio St.2d 223, 400 N.E.2d 401.
 {¶ 10} McCurdy also argues that Levi Jones's testimony concerning Clarence "Rabbit" Nelson's statement to Rahshan Jones outside the store ("every time you come down here I'm going to jump on your punk ass") was hearsay. Whether he actually intended to "jump on" Rahshan was not the issue. The statement was admissible as evidence to explain the hostility and events at the scene when Levi Jones arrived. See State v. Davis
(1991), 62 Ohio St.3d 326, 343, 581 N.E.2d 1362.
 {¶ 11} Finally, McCurdy argues that defense counsel's failure to object to Leroy Crooms's testimony concerning the statement of Clarence "Rabbit" Nelson, ("[y]ou thinks this shit is funny; you snitched on my partner; this shit ain't funny") was hearsay. Obviously, this testimony was not offered for its truth, but to explain Nelson's anger before he physically attacked Rahshan in the store. Even if the statement was hearsay, it was still admissible under the state-of-mind exception to the hearsay rule in Evid.R. 803(3). See State v. Sage (1987),31 Ohio St.3d 173, 183, 510 N.E.2d 343.
 {¶ 12} Finally, McCurdy contends in the vaguest terms that his defense counsel's failure to object to leading questions concerning the number of shots, what the witnesses saw, and the identity of Rahshan Jones was reversible error. As a general rule, the trial court has broad discretion in the admission or exclusion of relevant evidence. See Statev. Sage, 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Error cannot be predicated on a ruling that admits evidence unless it affects a substantial right of the defendant. See Evid.R. 103(A). The record fails to demonstrate that defense counsel's failure to object prejudiced McCurdy's defense in any way or that it constituted ineffective assistance of counsel. See State v. Jackson, 92 Ohio St.3d 436,449, 2001-Ohio-1266, 751 N.E.2d 946. McCurdy has not shown that his defense counsel's representation fell below an objective standard of reasonableness.
 {¶ 13} McCurdy also contends that his counsel was ineffective because he failed to request an instruction from the court on the lesser-included offense of reckless homicide pursuant to R.C. 2903.041(A). A trial court is required to instruct the jury on a lesser-included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Koss (1990) 40 Ohio St.3d 213, 218,551 N.E.2d 970; see State v. Thomas (1988), 40 Ohio St.3d 213,533 N.E.2d 286, paragraph two of the syllabus. The trial court must view the evidence in the light most favorable to the defendant when deciding whether to instruct the jury on a lesser-included offense. See State v.Campbell (1994), 69 Ohio St.3d 38, 48, 630 N.E.2d 339.
 {¶ 14} Reckless homicide differs from murder only in respect to the culpable mental state. Rather than the "purposely" mental state required to support a conviction of murder, a conviction for reckless homicide requires proof only that the accused acted "recklessly." "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
 {¶ 15} Because McCurdy claims that he did not intend to kill Rahshan Jones, he maintains that his counsel should have requested an instruction on the lesser-included offense of reckless homicide. Even where the defendant offers some evidence through his own testimony supporting a lesser-included offense, he is still not entitled to an instruction on that offense if the totality of the evidence does not reasonably support an acquittal on the greater offense and a conviction on the lesser offense. See State v. Campbell, 69 Ohio St.3d at 47-48,630 N.E.2d 339. Here, the jury could not reasonably have found against the state on the element of purposefulness, as McCurdy conceded that he had intended to shoot Rahshan, but claimed that it was in self-defense. McCurdy was not entitled to an instruction on reckless homicide even had his defense counsel requested it. His claim of ineffective assistance of counsel is nothing more than an attempt to question his defense counsel's trial strategy. The first assignment of error is overruled.
 {¶ 16} In his second assignment of error, McCurdy contends that the evidence was insufficient to sustain his conviction for a purposeful killing. The United States Constitution prohibits the criminal conviction of any person except upon proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt. See In re Winship (1970), 397 U.S. 358,90 S.Ct. 1068. As the Ohio Supreme Court has explained in State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546, "sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a [judgment of conviction] is a question of law."
 {¶ 17} To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Statev. Waddy (1991), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
 {¶ 18} McCurdy testified that he shot as he fled because he feared for his safety. But the state offered evidence that McCurdy, who was not involved in the fight between Rahshan Jones and Clarence Nelson, pointed the handgun at Rahshan and fired three times before he fled. This testimony was sufficient, if believed, to prove beyond a reasonable doubt that McCurdy was guilty of a purposeful murder. The second assignment of error is overruled.
 {¶ 19} The judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann, P.J., and Hildebrandt, J., concur.