JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Lewis Sampson, Jr. appeals his conviction for receiving stolen property. He assigns the following two errors for our review:
"I. The trial court erred in permitting the State to offerunfairly prejudicial `other acts' testimony in violation ofEvidentiary Rules 403, 404, and R.C. 2945.59 and appellant'srights under Article I Sec. 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution."
 "II. The evidence was insufficient as a matter of law tosupport a finding beyond a reasonable doubt that appellant wasguilty of receiving stolen property."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Sampson's conviction. The apposite facts follow.The Cuyahoga County Grand Jury indicted Sampson on one count each of theft, misuse of credit cards, and telecommunications fraud.[1]
Prior to trial, the State amended the theft charge to receiving stolen property without objection. Sampson waived his right to a jury trial; therefore, the matter was tried to the bench.
 {¶ 3} Jerry Garr testified that on January 26, 2005 he used his Discover credit card to purchase a tire at Rainy Tire. On February 1, 2005, he went on line in order to pay his Discover bill. At that time he discovered his credit card had been used to purchase a cut master 38 torch from Lindy Gas in the amount of $1,320.41. Garr did not authorize this purchase. Garr stated he did not know either Sampson or Sampson's co-defendant, Robert Hammon.
 {¶ 4} Martin Blum is the owner of Rainy Tires. He confirmed that Garr purchased a tire with a Discover credit card on January 26, 2005. On that same day, Blum noticed that his cell phone was missing. This was also the same day that Sampson's co-defendant, Robert Hammon, attempted to purchase tires at Rainy Tire, but did not have the required deposit for the purchase. Blum's cell phone was later traced to Hammon because he used the phone when he made the purchase of the cutter from Lindy Gas.
 {¶ 5} Melvin Forwalder, the branch manager of Lindy Gas Corporation, testified that on January 26, 2005, he sold a 38 cut torch over the phone to a person who identified himself as Jerry Garr. The cutter was paid for with a Discover credit card number. The caller told Forwalder that his son-in-law would be in to pick up the cutter. Forwalder informed the caller that his son-in-law would be required to present his driver's license in order to take the cutter. The caller left Blum's cell phone number as the contact number.
 {¶ 6} Approximately two hours later, the cutter was picked up by Sampson. Forwalder photocopied Sampson's driver's license. He identified Sampson in court as the person who picked up the cutter.
 {¶ 7} Detective Frank Zagami testified he was assigned to the case after Sampson and his co-defendant, Robert Hammon, were arrested. In his statement, Sampson denied knowing that the cutter was purchased with a stolen credit card. Detective Zagami's investigation, however, revealed that Sampson had pled guilty to a similar crime three years before involving a gas company in Valley View. Like the instant case, a stolen credit card was used to purchase a cutter over the telephone, and Sampson was the person who picked up the cutter. Hammon was also involved in the prior case.
 {¶ 8} The trial court found Sampson guilty of receiving stolen property, but acquitted him of the remaining counts. The trial court sentenced Sampson to one year of community control sanctions.
Other Acts Evidence
 {¶ 9} In his first assigned error, Sampson contends the trial court erred by allowing the State to present evidence of Sampson's prior conviction for a similar crime. We disagree.
 {¶ 10} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."[2]
Accordingly, we proceed under an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[3]
 {¶ 11} Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 12} In the instant case, the circumstances of the prior and present crime are exactly the same. In the prior case, Hammon was a co-defendant, a stolen credit card was used to purchase a gas cutter over the telephone, and Sampson picked up the cutter. Therefore, the previous theft illustrated a pattern that established that Sampson, in the instant case, had knowledge or reasonable knowledge that the cutter was fraudulently purchased.
 {¶ 13} Accordingly, because the prior crime was used to establish Sampson's knowledge, the trial court did not abuse its discretion by allowing the introduction of this evidence. Sampson's first assigned error is overruled.
Sufficiency of the Evidence
 {¶ 14} In his second assigned error, Sampson contends his conviction for
 {¶ 15} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman:[4]
 "Pursuant to Criminal Rule 29(A), a court shall not order anentry of judgment of acquittal if the evidence is such thatreasonable minds can reach different conclusions as to whethereach material element of a crime has been proved beyond areasonable doubt."[5]
 {¶ 16} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[6] in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence submitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 17} R.C. 2912.51 defines the crime of receiving stolen property as follows:
"(A) No person shall receive, retain, or dispose of propertyof another knowing or having reasonable cause to believe that theproperty has been obtained through commission of a theftoffense."
 {¶ 18} In the instant case, evidence was presented that a stolen credit card number was used to purchase the cutter, and Sampson was the person who picked up the cutter from the store. The fact that Sampson had a previous conviction for the exact same crime, with the exact same co-defendant, provides evidence that Sampson had knowledge the cutter was fraudulently purchased. Therefore, based upon the record, sufficient evidence was presented in support of Sampson's conviction. Accordingly, Sampson's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J., concur.
[1] Sampson's co-defendant, Robert Hammon, was charged with the same counts along with an additional count for receiving stolen property in the form of a cell phone.
[2] State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus; State v. Bailey (1992), 83 Ohio App.3d 749.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157. receiving stolen property was not supported by sufficient evidence. We disagree.
[4] (1978), 55 Ohio St.2d 261, syllabus.
[5] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113.
[6] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.