JUDGMENT: AFFIRMED.
{¶ 1} Appellant Michael Johnson appeals his convictions for sexual battery and gross sexual imposition. He assigns the following error for our review:
 "The trial court erred when it allowed the prosecution to inquire about the facts and circumstances which gave rise to the charge and conviction of the defendant-appellant's 1995 conviction for attempted rape and allowed said testimony into evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Johnson's convictions. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Johnson on six counts. Two counts for rape with sexually violent predator and repeat violent offender specifications, as well as a notice of prior conviction; two counts for gross sexual imposition, with sexually violent predator specifications; one count for kidnapping with sexually violent predator, repeat violent offender, and sexual motivation specifications, as well as a notice of prior conviction; and, one count for failure to provide notice of change of address in violation of R.C. 2950.05(E)(1).
 {¶ 4} Johnson waived his right to a jury trial; a bench trial ensued. Prior to the commencement of trial, the State dismissed one count for rape and gross sexual imposition and also dismissed the failure to provide notice of change of address.
 {¶ 5} The evidence at trial indicated the victim was the sixteen-year-old daughter of Johnson's girlfriend. Johnson had been dating the mother for approximately four years. The victim testified she had never had a problem with Johnson before the incident, but that she was fearful of him because of violent episodes she witnessed between him and her mother. She also stated she was aware he had a prior conviction for a similar offense.
 {¶ 6} On the night in question, the victim's mother had gone shopping, leaving the victim and her disabled ten-year-old sister home with Johnson. According to the victim, she and her sister fell asleep on separate couches in the living room while watching television. Johnson pushed the victim's shirt up and began to fondle her breasts. The victim pretended she was sleeping because she was fearful of Johnson. Johnson, after fondling the victim's breasts for several minutes, went upstairs. When he returned, he pulled the victim's pants down and performed oral sex on her. The victim continued to pretend to be sleeping out of fear. After several minutes, Johnson pulled the victim's pants up. Several minutes later, the mother returned from the store.
 {¶ 7} The victim did not say anything immediately to her mother because she was waiting for the opportunity to be alone with her. The next afternoon, the victim told her mother what had happened. The mother said she would handle it, but did nothing. The victim, therefore, called her aunt, who immediately notified the police.
 {¶ 8} Johnson denied sexual contact with the victim. He alleged the victim was attempting to get back at her mother for punishing her. Johnson admitted on cross-examination that he had a prior offense for attempted rape and gross sexual imposition of a fourteen-year-old girl. In that case, Johnson had alleged in his statement to police that the victim was lying to get back at her mother for punishing her.
 {¶ 9} The trial court acquitted Johnson of kidnapping, but found him guilty of sexual battery, the inferior offense to rape, and guilty of gross sexual imposition. The trial court classified Johnson as a habitual sex offender and sentenced him to four years on each count to run concurrent with each other.
Prior Bad Acts
 {¶ 10} In his sole assigned error, Johnson contends the trial court erred by allowing the State to present evidence of Johnson's prior conviction for a similar crime. We disagree.
 {¶ 11} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."[1] Accordingly, we proceed under an abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
 {¶ 12} Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 13} In the instant case, the State did not inquire regarding the details of the prior acts of attempted rape and gross sexual imposition, but only inquired regarding the details of Johnson's explanation of the event afterwards. This was relevant to rebut Johnson's allegation the victim was lying about the incident in order to get back at her mother. He made this same allegation in his prior case. Thus, the evidence was being offered to show the unlikely coincidence that Johnson would be accused twice of sexual misconduct by young girls who were trying to get back at their mothers. Therefore, this evidence is analogous to evidence showing absence of mistake or accident.
 {¶ 14} Moreover, this was a bench trial. In a bench trial, it is presumed that the court considers only relevant, material, and competent evidence in reaching its decision.[3] Accordingly, Johnson's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P. J., and MARY EILEEN KILBANE, J., CONCUR
[1] State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus; State v. Bailey (1992), 83 Ohio App.3d 749.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] State v. Bays, 87 Ohio St.3d 15, 1999-Ohio-216; State v. Post
(1987), 32 Ohio St.3d 380, 384; State v. White (1986),15 Ohio St.2d 146, 151.