JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the trial court's decision granting the motions in limine filed by defendants-appellees, Anthony Pratt ("Pratt") and Kathleen Steele ("Steele"). Finding merit to the appeal, we reverse.
 {¶ 2} In 2005, Pratt and Steele were charged with two counts of aggravated murder with felony murder specifications, and one count each of aggravated burglary, aggravated robbery, kidnapping, and felonious assault.
 {¶ 3} Pratt and Steele filed motions in limine to exclude statements made by the victim, Virginia Austin ("Austin") before she died. The trial court held a joint hearing on the motions. After hearing testimony from the State's first witness, Officer Dorothy Anderson, the trial court terminated the hearing and denied the motion in limine. One week later, the court reversed its ruling and granted the motion in limine. The State now appeals pursuant to Crim.R. 12(K).
 {¶ 4} In its sole assignment of error, the State argues that the trial court erred in granting the motion in limine because the statements Austin made to the police are admissible as excited utterances under Evid.R. 803. We cannot reach the issue of whether Austin's statements qualify as excited utterances, however, because we find that the trial court erred in granting the motion in limine without stating its essential findings as required by Crim.R. 12(F).
 {¶ 5} In State v. French, 72 Ohio St.3d 446, 1995-Ohio-32,650 N.E.2d 887, the Ohio Supreme Court stated:
 "A `motion in limine' is defined as `[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury.' Black's Law Dictionary, supra, at 1013. The purpose of a motion in limine ` is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error.' Id. at 1013-1014. * * *
 A motion in limine may be used in two ways. It may be used as a preliminary means of raising objections to evidentiary issues to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined outside the presence of the jury. It may also be used as the functional equivalent of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446, cited in State v. Maurer, 15 Ohio St.3d 239,259, 473 N.E.2d at 787, fn. 14."
 {¶ 6} Within its assignment of error, the State argues that it was not permitted to present all the evidence necessary to support its position because the court terminated the motion hearing after the State's first witness and, further, the court did not sufficiently explain its later ruling.
 {¶ 7} The decision whether to admit evidence is reviewed under an abuse of discretion standard. State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, paragraph two of the syllabus; State v. Bailey (1992),83 Ohio App.3d 749, 615 N.E.2d 730. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Crim.R. 12(F) provides that the trial court "may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." The rule also states that "where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Id. The trial court must, upon request, state essential findings of fact so the reviewing court can properly consider the propriety of the trial court's ruling. Bryan v. Knapp (1986), 21 Ohio St.3d 64, 65, 488 N.E.2d 142; see also State v. Almalik (1986), 31 Ohio App.3d 33, 507 N.E.2d 1168. However, where the record provides a sufficient basis for appellate review, the courts have excused the trial court's failure to make findings. State v. King (1999), 136 Ohio App.3d 377, 381,736 N.E.2d 921.
 {¶ 9} In the case at bar, we find that the trial court failed to state its essential findings on the record when it granted the motion in limine. One week after denying the motion in limine, the court stated that it was granting the motion because the contested statements did "not rise to the level of excited utterances." The court further declared that it would be reversible error to allow the contested statements. The State properly asked the court for further clarification, but the court merely stated that it revisited the law and made the determination that none of the statements qualified as excited utterances and again reiterated that the court did not want to commit reversible error. The court also stated that it could not make its decision any clearer.[1]
 {¶ 10} In the instant case, the trial court needed to make several factual conclusions in order to grant the motion in limine. For example, no finding was made on the question of whether Austin was attacked before she made her statements to police. The State planned to present testimony to show that a "startling event" had occurred just prior to Austin's statements to police. Because the State was not permitted to present that testimony, the trial court may have decided that the State was not able to meet its burden. This court, however, cannot presume the trial court's reasons for making its decision. We require the trial court's essential findings to properly review whether the trial court abused its discretion.
 {¶ 11} We find that the trial court did not sufficiently state its factual findings in granting the motion in limine and the record is insufficient for our independent review. Our decision is made in light of the fact that the court reversed its prior ruling one week later without any further evidence or discussion on the record concerning the motion in limine.
 {¶ 12} Normally, our holding would result in a remand to the trial court to make the appropriate factual findings. However, in this case, we find that the trial court's decision to terminate the hearing without allowing the State to fully present its evidence, rendered the hearing procedurally deficient; therefore, we remand the case for a full hearing as well as factual findings.
 {¶ 13} Although Crim.R. 12 allows the court to rule on a motion without a full hearing, we find that the trial court abused its discretion in the case sub judice because it reversed its prior ruling without allowing the State to proceed with its evidence. The State had the burden to show that Austin's statements were excited utterances. When the trial court reversed its ruling one week later, it should have allowed the State to fully present its evidence to rebut the motion. The court's abrupt ruling, coupled with the court's failure to state its essential findings on the record, leaves this court without the ability to properly review the trial court's decision. We further caution that our holding is limited to the unique circumstances presented in the instant case.
 {¶ 14} Therefore, the assignment of error is sustained.
Accordingly, judgment reversed and case remanded for proceedings consistent with this opinion.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J. and ANN DYKE, J. CONCUR
[1] This court notes that one week earlier, the trial court appeared equally confident that the statements were excited utterances. Neither Pratt nor Steele filed motions for reconsideration of this first ruling.