DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Christopher Burks, appeals his two unrelated felony convictions in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm the judgments of the trial court.
 {¶ 2} The facts giving rise to his appeal in Case No. CR05-1599 are as follows. From May until September 2004, Robin Jefferson dated appellant. On September 15, 2004, Jefferson and appellant were in Jefferson's house when she attempted to end the *Page 2 
relationship. After arguing for a few hours, Jefferson asked appellant to leave. When appellant refused, Jefferson threatened to call the police. Appellant responded by grabbing the phone so that Jefferson could not make a call. Jefferson then announced that she would go to the neighbor's to call the police. At that point, appellant agreed to leave. Jefferson walked to her back door, opened it for appellant and walked into her living room to wait for appellant to leave. Appellant instead walked into the living room carrying a glass blender pitcher. He threw the pitcher at Jefferson. The pitcher hit Jefferson's leg and shattered into pieces. She sustained several lacerations requiring stitches in six areas of her leg.
 {¶ 3} On March 23, 2005, appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree. A jury found him guilty on May 24, 2005. The court scheduled his sentencing hearing for June 20, 2005. On May 27, 2005, appellant filed a motion for a new trial.
 {¶ 4} On June 1 2005, while in jail custody awaiting his sentencing in Case No. CR05-1599, appellant threw a phone at a jail counselor striking her in the head. This action resulted in appellant's indictment for assault on an employee of a local correctional facility, a violation of R.C. 2903.13(A) and (C)(2)(b). (Case No. CR05-2265. Appellant's sentencing date in Case No. CRO5-1599 was rescheduled.
 {¶ 5} On October 3, 2005, a jury trial in Case No. CR05-2265 commenced. On October 4, 2005, appellant was found guilty. On October 6, 2005, the trial court denied appellant's motion for a new trial in Case No. CR05-1599. *Page 3 
 {¶ 6} On October 13, 2005, the court sentenced appellant to four years in prison for the offense of felonious assault in Case No. CR05-1599 and 11months in prison for the offense of assault in CR05-2265. The sentence in CR05-2265 was ordered to be served consecutive to the sentence in CR05-1599. Appellant now appeals setting forth the following assignments of error:
 {¶ 7} "I. The court erred in not instructing the jury on the lesser included offense of assault and trial counsel was ineffective in failing to request an instruction to the jury regarding the lesser included offense of assault.
 {¶ 8} "II The trial court erred to the prejudice of Mr. Burks by limiting his ability to cross examine witnesses and present a defense in violation of his due process rights under the fifth, sixth, andfourteenth amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 9} "III. Mr. Burks was denied due process and equal protection of the law when the state exercises its peremptory challenge to exclude a minority juror in violation of his fifth, sixth, eighth, ninth andfourteenth amendments to the United States Constitution and the Ohio Constitution.
 {¶ 10} "IV. The trial court erred to the prejudice of Mr. Burks by sentencing him to non-minimum, consecutive sentences and must be remanded to the trial court for resentencing in light of State v.Foster.
 {¶ 11} Appellant's first two assignments of error pertain to his felonious assault conviction in CR05-1599. Appellant contends that the court erred in not instructing the *Page 4 
jury on the lesser included offense of assault. Appellant did not object to the court's jury instructions.
 {¶ 12} "* * * [A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." State v. Ouster (1981), 66 Ohio St.2d 266, 271. Further, a determination as to jury instructions is a matter left to the sound discretion of the trial court. Id. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971),28 Ohio St.2d 54, at syllabus. While a crime may constitute a lesser included offense, it does not follow that a lesser included offense instruction is mandatory.
 {¶ 13} "[A]n instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." State v. Carter (2000), 89 Ohio St.3d 593, 600.
 {¶ 14} Absent plain error, a failure to object to a jury instruction during trial constitutes a waiver of any error attached to the instruction. State v. Twyford, (2002), 94 Ohio St.3d 340, 349. "Plain error" has been defined as:
 {¶ 15} "Obvious error prejudicial to a defendant neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial *Page 5 
proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects `the fairness, integrity or public reputation of judicial proceedings." State v. Craft (1977), 52 Ohio App.2d 1, 7, quotingUnited States v. Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391, 392,80 L.Ed. 555.
 {¶ 16} The elements of R.C. 2903.11(A)(1), felonious assault, are as follows:
 {¶ 17} "(A) No person shall knowingly do either of the following:
 {¶ 18} "* * *
 {¶ 19} "(1) Cause serious physical harm to another or to another's unborn;"
 {¶ 20} The elements of 2903.13(B), assault, are as follows:
 {¶ 21} "(B) No person shall recklessly cause serious physical harm to another or to another's unborn."
 {¶ 22} Appellant contends that the evidence shows that his conduct regarding the glass pitcher was reckless, not intentional. The evidence he relies on is his own testimony. On the stand, appellant testified that Jefferson threw the glass pitcher at him first and that he threw it down on the ground to keep it away from her. When he threw it down, he testified, it shattered into pieces sending glass shards into Jefferson's leg. Appellant contends that his testimony shows he had no intention of injuring Jefferson, thus, he cannot be guilty of knowingly causing physical harm to her.
 {¶ 23} "Even where the defendant offers some evidence through his own testimony supporting a lesser-included offense, he is still not entitled to an instruction on *Page 6 
that offense if the totality of the evidence does not reasonably support an acquittal on the greater offense and a conviction on the lesser offense." State v. Neely (2005), 161 Ohio App.3d 99, 110,2005-Ohio-2342, quoting State v. McCurdy, Hamilton App. No. C-020808,2003-Ohio-5518.
 {¶ 24} Based on Jefferson's testimony and nature of her injuries, we cannot say that the totality of the evidence supports an acquittal on the offense of felonious assault and a conviction on the offense of assault. Accordingly, the court did not error in failing to instruct the jury on the lesser included offense of assault.
 {¶ 25} Appellant also contends that appellant's counsel was ineffective in failing to request an assault instruction. To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show the reasonable probability that, but for counsel's perceived errors, the result of the proceeding would have been differentStrickland v. Washington (1984), 466 U.S. 668. This threshold of proof is high given Ohio's presumption that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St.3d 153.
 {¶ 26} Having already determined that the totality of the evidence did not support an acquittal on felonious assault and a conviction on assault, we find that appellant's *Page 7 
counsel did not fall below an objective standard of reasonableness in failing to request a jury instruction on assault. Appellant's first assignment of error is found not well-taken.
 {¶ 27} In his second assignment of error, appellant contends that the trial court erred in limiting his cross-examination of Jefferson and by not allowing him to testify regarding Jefferson's bias.
 {¶ 28} It is well settled that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus; State v.Bailey (1992), 83 Ohio App.3d 749.
 {¶ 29} "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151, 157. The trial court is vested with the discretion to limit the scope of cross-examination, depending on the facts of the particular case. State v. Treesh (2001), 90 Ohio St.3d 460, 480-481.
 {¶ 30} The record shows that appellant's counsel was prevented from asking Jefferson about a statement her doctor had made to her. The court sustained the state's objection on the basis of hearsay. Later, Jefferson was questioned regarding her prior robbery conviction. The state objected when appellant's counsel asked Jefferson how she pled to the robbery charge. The court sustained the objection on the basis of relevance. Counsel's cross-examination, when viewed in its entirety, was lengthy and thorough. We do not find that the court abused its discretion in sustaining the two objections. *Page 8 
 {¶ 31} Appellant next contends that the court erred in preventing appellant from testifying about possible bias on the part of Jefferson. Specifically, that Jefferson was angry with appellant for giving her a sexually transmitted disease. Error, if any in this instant, was harmless as Jefferson herself testified that she was angry with appellant for giving her a sexually transmitted disease. Appellant's second assignment of error is found not well-taken.
 {¶ 32} Appellant's third assignment of error pertains to his conviction in CR05-2265. Appellant contends that the trial court erred when it denied his objection to the state's unconstitutional use of peremptory challenges to exclude an African American male from the jury panel. The United States Supreme Court has held that the Equal Protection Clause forbids a prosecutor from challenging a prospective juror solely on the basis of his or her race based on the belief that the juror could not be impartial when the defendant is African American.Kentucky v. Batson (1986), 476 U.S. 79, 89, 106 S.Ct. 1712,90 L.Ed.2d 69. Batson has established a three-part test to determine whether a prosecutor's use of a peremptory challenge is racially motivated. First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Id. at 82. Next, the burden shifts to the state to prove a race-neutral explanation for the challenge. Id. at 98. Finally, the trial court must determine whether the defendant has proven purposeful discrimination. Id.
 {¶ 33} In the present case, we find that the trial court did not err in finding that the state provided a race-neutral explanation for the peremptory challenge. The record shows *Page 9 
that the juror at issue suffered severe back pain and indicated to the court that he would have trouble sitting for long periods of time. He additionally indicated to the court that he would have trouble understanding what the lawyers and the witnesses were saying. We find this to be a sufficiently race neutral reason to exercise a peremptory challenge. The trial court did not err in allowing the state to exercise the challenge. Appellant's third assignment of error is found not well-taken.
 {¶ 34} In his fourth assignment of error, appellant contends that his sentence in CR05-2265 is unconstitutional pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, supra, the Supreme Court of Ohio held that certain sections of Ohio's felony sentencing scheme, in particular those which involved judicial fact-finding, were unconstitutional. Among the sections affected by this decision was R.C.2929.14(E), which relates to consecutive sentences. Id., at paragraph one of the syllabus. Because the trial court relied upon this formerly-mandated-but-now-declared-unconstitutional section, we are required to find appellant's fourth assignment of error well-taken and to remand this matter for resentencing.
 {¶ 35} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part and appellant's conviction and sentence are ordered vacated. The case is remanded back to the trial court for additional proceedings consistent with this decision. Appellant and appellee are ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 10 
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1